■ In the Matter of SHINES BAR & GRILL, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination, dated February 20, 1970, of respondent, New York State Liquor Authority, canceling the special on-premises liquor license issued to petitioner, Shines Bar & Grill, Inc., confirmed,

with $50 costs and disbursements to the respondent. Two investigators of the respondent and five persons who transacted business with R. & L. Bar & Grill, Inc., hereinafter referred to as R & L, all testified at the hearing held by respondent. In addition, several exhibits were introduced into evidence bearing upon the actions of Theodore Moss, the petitioner's principal, in relation to R & L. It is also noteworthy that much of the testimony given by Rolla, the principal of R & L, if it served any purpose at all, tended to show that, while he claimed to be the owner, he did not know what was going on in his own place and that for three years he left it to his manager, who is the brother of said Theodore Moss. In this connection see: *Matter of R. & L. Bar & Grill* (34 A D 2d 933) which confirmed revocation by the respondent of the R. & L. Bar & Grill license issued to Rolla. In that case this court said: " Substantial evidence is found in the record to justify, among other things, the conclusion that the licensee's principal was providing a false front for a former principal whose license had been recalled." The former principal, to whom the court referred in this last quoted passage, is the above-mentioned Theodore Moss, this petitioner's principal. The totality of the testimony and exhibits at the hearing, together with the reasonable inferences to be drawn therefrom, added to the failure of the petitioner to shed any light upon the issues raised, lead inevitably to the fair conclusion that there is competent and substantial evidence to sustain the determination of the Authority. The penalty which it imposed, under the circumstances disclosed, was not an abuse of discretion. Concur — Capozzoli, J. P., Markewich and Tilzer, JJ.; McGivern and Nunez, JJ., dissent in the following memorandum by Nunez, J.: The record lacks the requisite substantial evidence to support the State Liquor Authority's determination canceling petitioner's restaurant-liquor license. The respondent's action was based on findings that petitioner's principal, Theodore Moss, had " availed " himself of a license issued to another premises, R. & L. Bar & Grill, Inc. However, I find no evidence adduced to show that Moss either operated or derived any benefit from R. & L. Bar & Grill Inc. We may not sustain the Authority unless we find substantial evidence in the record to support its determination (CPLR 7803, subd. [4]). " Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*Edison Co.* v. *Labor Board*, 305 U. S. 197, 229.) The Court of Appeals and our court have required and enforced a similar standard. (See *Matter of La Forge* v. *Kennedy*, 7 N Y 2d 973; *Matter of Stork Rest.* v. *Boland*, ·282 N. Y. 256; *Matter of Loughlin* v. *State Liq. Auth.*, 19 A D 2d 815; *Matter of Matty's Rest.* v. *New York State Liq. Auth.*, 21 A D 2d 818, affd. 15 N Y 2d 659; *Matter of Phinn* v. *Kross*, 8 A D 2d 132.) Petitioner has been licensed since 1958. It should not be deprived of its license upon a suspicion that Theodore Moss, its principal, in some vague manner " availed " himself of a license issued to another. I would annul the determination of the State Liquor Authority.